Peter E. Perkowski
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Counsel for Plaintiff BACKGRID USA, INC.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                                   :

BACKGRID USA, INC.,                     :  No. 1:26-cv-5567
                                                                      :

          *Plaintiff*,       :  **COMPLAINT FOR COPYRIGHT**
                                                                      :  **INFRINGEMENT**

v.                                                                    :
                                                                       :

MODE PUBLIC RELATIONS LLC,    :
                                                                       :

          *Defendant*.      :  *JURY TRIAL DEMANDED*
                                                                       :
                                                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

       Plaintiff BackGrid USA, Inc., for its complaint against defendant Mode Public Relations LLC, alleges as follows:

## JURISDICTION

       1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

       2.     Plaintiff BackGrid is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

1

3.      BackGrid is a premier celebrity news and photo agency that provides the world's news outlets with real-time content from top photographers. BackGrid also maintains libraries of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4.      BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

5.      On information and belief, defendant Mode is a business entity organized under the laws of the state of New York with a principal place of business in New York City.

6.      Mode is an international public relations and creative marketing agency. The company specializes in launching new and innovative brands and helps established brands to access the current cultural zeitgeist through tailored communication and marketing strategies.

7.      On information and belief, Mode owns and operates the Instagram account @modeworld.

8.      The Court has personal jurisdiction over Mode because it has a principal place of business in this state and judicial district.

9.      Venue is this judicial district is proper under 28 U.S.C. § 1400(a).

**BACKGROUND FACTS**

**A.      The copyrighted photographs**

10.      BackGrid is the owner and copyright holder of six photographic images (the "Images") as follows:

2

a.      BackGrid Images 1 and 2 depict American model and socialite Emily Ratajkowski on the streets of New York City, wearing a black tank top produced and sold by apparel brand Joah Brown. Within 90 days of first publication, BackGrid Images 1 and 2 were registered with the U.S. Copyright Office as Registration No. VA 2-373-100 (eff. Sep. 25, 2023).

b.      BackGrid Image 3 depicts Ms Ratajkowski on the streets of New York City, wearing a white crop tee shirt produced and sold by Joah Brown. Within 90 days of first publication, BackGrid Image 3 was registered with the U.S. Copyright Office as Registration No. VA 2-373-101 (eff. Sept. 25, 2023).

c.      BackGrid Image 4 depicts Ms Ratajkowski on the streets of New York City, wearing a black, long bias-cut skirt produced and sold by apparel brand Silk Laundry. Within 90 days of first publication, BackGrid Image 4 was registered with the U.S. Copyright Office as Registration No. VA 2-370-975 (eff. Oct. 19, 2023).

d.      BackGrid Images 5 and 6 depict Ms Ratajkowski on the streets of New York City, wearing clothing produced and sold by apparel brand 101. Within 90 days of first publication, BackGrid Images 5 and 6 were registered with the U.S. Copyright Office as Registration No. VA 2-370-933 (eff. Oct. 19, 2023).

**B.      The infringements**

11.     BackGrid never licensed the Images to defendant. Nevertheless, defendant used the Images without authorization or permission to do so, and without paying a license fee.

12.     Defendant or its agents copied BackGrid Images 1 and 2 and displayed each on Instagram on July 1, 2023, by posting them to the @modeworld account.

13.    Defendant or its agents copied BackGrid Image 3 and displayed it on Instagram on July 3, 2023, by posting them to the @modeworld account.

14.    Defendant or its agents copied BackGrid Image 4 and displayed it on Instagram on August 16, 2023, by posting them to the @modeworld account.

15.    Defendant or its agents copied BackGrid Images 5 and 6 and displayed each on Instagram on September 18, 2023, by posting them to the @modeworld account.

16.    On information and belief, Joah Brown, Silk Laundry, and 101 are each a client of defendant Mode, which provides them with public relations services.

17.    Mode's client Silk Laundry also posted BackGrid Image 4 to its Instagram account, @silklaundry—on information and belief at Mode's direction or with its assistance.

18.    Mode's client 101 also posted BackGrid Image 5 to its Instagram account, @101p100—on information and belief at Mode's direction or with its assistance.

## C.    The infringements harmed BackGrid

19.    The Images are creative, distinctive, and—as evidenced by Mode's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BackGrid stood to gain revenue from licensing them.

20.    But Mode's unauthorized use of the Images harmed the market for them. Mode's Instagram posts made the Images immediately available to its numerous followers and to the public, including consumers of entertainment and fashion news who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid customers.

21.    Mode's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and possibly driving away

BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or to pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media.

22.    In addition, Mode's unauthorized uses of the Images are commercial in nature. Mode uses its Instagram feed for the purposes of promotion—specifically, to promote awareness of its clients' brands and businesses, and to attract buyers and drive sales of its clients' products. In fact, each of Mode's Instagram posts was expressly commercial because the accompanying text highlighted Mode's clients' products being worn by the celebrity depicted.

23.    On information and belief, Mode specifically posted the Images on Instagram to attract buyers for its clients' products. On information and belief, Mode knew that because the Images depicted a popular celebrity, users would be attracted to view the Images and thus more likely to buy its clients' products. In short, Mode used the Images as advertisements.

**D.    The infringements were willful.**

24.    As a fashion public relations company, Mode operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Mode was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining whether it the right to do so.

25.    In addition, Mode was aware that it needed to have permission to use the images because it had previously resolved a claim of copyright infringement by BackGrid.

///

///

5

## CLAIM ONE

## Copyright Infringement

26.     All prior paragraphs are incorporated into this claim.

27.     Plaintiff is the copyright owner of the protected Images named above in this Complaint.

28.     Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

29.     The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to copy, display, and reproduce their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

30.     Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

31.     Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

32.     Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

33.     On information and belief, defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

34.    In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

35.    Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

36.    Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

**CLAIM TWO**

**Contributory Copyright Infringement**

37.    All prior paragraphs are incorporated into this claim.

38.    On information and belief, defendant provided its client Silk Laundry with a copy of BackGrid Image 4 and encouraged Silk Laundry to post the Image to its Instagram account. As a result of defendant's actions, Silk Laundry posted BackGrid Image 4 to its Instagram account @silklaundry, thus committing infringement.

39.    On information and belief, defendant provided its client 101 with a copy of BackGrid Image 5 and encouraged 101 to post the Image to its Instagram account. As a result of defendant's actions, 101 posted BackGrid Image 5 to its Instagram account @101p100, thus committing infringement.

40.    Because it encouraged the infringements by Silk Laundry and 101, and materially contributed to those infringements by providing copies of the Images, defendant necessarily had knowledge of the infringements.

41.    Through its actions alleged above, defendant induced, caused, assisted in, or materially contributed to the infringements committed by its clients, Silk Laundry and 101 (the "Direct Infringers").

42.     As a direct and proximate result of defendant's acts of secondary infringement, plaintiff has suffered damages.

43.     Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

44.     On information and belief, defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

45.     In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

46.     Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

47.     Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

A.     For a preliminary and permanent injunction against defendant and anyone working in concert with it from further copying or displaying the Images;

B.     For an order requiring defendant to account to plaintiff for its profits and any damages sustained by plaintiff arising from the acts of infringement;

C.     As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiff's copyrights—including digital copies or any other means by which

8

they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

> D.       For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

> E.       For an award of pre-judgment interest as allowed by law;

> F.       For reasonable attorney fees;

> G.       For court costs, expert witness fees, and all other costs authorized under law;

> H.       For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues permitted by law.

Dated: June 30, 2026                    PERKOWSKI LEGAL, PC

By:    /s/ Peter Perkowski
      Peter E. Perkowski (#5934765)
515 S. Figueroa Street, Suite 1800
Los Angeles, CA 90071
Tel: (213) 340-5796
peter@perkowskilegal.com

*Counsel for Plaintiff*

9